IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GREGORY L. WARE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 124-036 |
| | ) | |
| TRACY PAGE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**O R D E R**
_____

Petitioner, an inmate at Rogers State Prison in Reidsville, Georgia, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 9, 2024, the Court ordered "Respondent to answer in writing the allegations of the petition within sixty days" and "to specifically address the timeliness of the petition." (Doc. no. 3, pp. 1-2.)

Respondent timely filed an answer, a motion to dismiss the petition as untimely, and the necessary exhibits to support the arguments advanced in the motion to dismiss.  (See doc. nos. 7-9.)  Respondent's answer noted "[a] more detailed factual and legal statement of Respondent's position is not set forth at this time, as Respondent is moving to dismiss this petition as untimely.  Should the motion to dismiss be denied, Respondent requests a reasonable period of time in which to file a brief addressing the grounds of the petition." (Doc. no. 7, p. 2.)

However, Petitioner continues to assert Respondent has failed to provide all the necessary filings in accordance with the Court's April 9th Order, specifically listing the guilty

plea transcript, appointed attorney's briefs, Petitioner's briefs, and an Order granting a Certificate of Probable Cause issued by the Supreme Court of Georgia during Petitioner's state habeas corpus proceedings. (Doc. nos. 12-13.) Petitioner appears to believe his brief on the merits of his petition, addressing his alleged constitutional errors during his state court proceedings, must be filed promptly, and asserts he is unable to prepare such a brief without Respondent filing the documents listed above. (Id.; see also doc. no. 10.)

Petitioner's concerns about briefing the merits of his petition are premature. Because Respondent filed a motion to dismiss in addition to the answer, the threshold untimeliness issue raised in the motion to dismiss is due to be addressed prior to the substantive grounds of the petition. Accordingly, the only filing due to the Court from Petitioner at this time is a response to Respondent's motion to dismiss. (Doc. no. 11 (extending deadline for Petitioner to respond to motion to dismiss to June 20, 2024).)

None of the documents Petitioner alleges are missing from Respondent's filings are necessary for Petitioner to address the untimeliness issue raised in Respondent's motion to dismiss. (See doc. nos. 12-13.) Should the motion to dismiss be denied, the Court will reset the deadline for both parties to submit their briefs of law and all necessary exhibits with respect to the substantive grounds of the petition. See Bailey v. Sprayberry, No. 1:19-CV-4544, 2022 WL 22286886, at *2 (N.D. Ga. Feb. 15, 2022), *recons. denied sub nom.* Bailey v. Hays State Prison, 2022 WL 22286885 (N.D. Ga. July 7, 2022) ("[D]istrict courts routinely direct § 2254 respondents to brief the merits of a habeas corpus petition after denying a motion to dismiss a petition."); Davis v. Tillman, No. CV 106-043, 2007 WL 196871, at *1 (S.D. Ga. Jan. 19, 2007) (setting deadlines for briefing on merits of § 2254 petition following denial of motion to dismiss).

In light of Petitioner's apparent confusion regarding what filings are presently due, the Court **GRANTS** Petitioner an extension of time through and including July 5, 2024, to file his response to the motion to dismiss.

SO ORDERED this 17th day of June, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA