IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

GREGORY L. WARE,                    )
                                    )
            Petitioner,             )
                                    )
    v.                              )        CV 124-036
                                    )
TRACY PAGE, Warden,                 )
                                    )
            Respondent.             )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is currently before the Court on Respondent's motion to dismiss the petition as untimely. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 8), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent. Moreover, to the extent Petitioner seeks to compel the Court to rule on Respondent's motion to dismiss, the Court **RECOMMENDS** Petitioner's motion be **DENIED AS MOOT** upon the presiding District Judge's entry of a final judgment in this case. (Doc. no. 17.)

## I.    BACKGROUND

On August 5, 2004, Petitioner entered a plea in the Superior Court of Richmond County to charges of kidnapping, aggravated assault, and terroristic threats, and was sentenced to serve thirty years, with the first twenty-five years to be served in confinement. (Doc. no. 9-1, <u>Ware v. State</u>, No. A15A1213 (Ga. Ct. App. Sept. 2, 2015).) The Georgia Court of Appeals affirmed

the judgment of conviction on September 2, 2015, and the remittitur issued February 16, 2016. (Id. at 2); see also Ware v. State, 327 Ga. App. 672, 761 S.E.2d 89 (2014) (directing trial court to act upon Petitioner's 2004 letter, which was properly construed as a notice of appeal). The Georgia Supreme Court denied Petitioner's subsequent petition for certiorari on January 11, 2016. Ware v. State, No. S16C0087 (Ga. Jan. 11, 2016); (see also doc. no. 8-1, p. 1). Petitioner did not pursue any additional direct appeal proceedings.

Petitioner filed his first state petition for a writ of habeas corpus concerning these convictions in the Superior Court of Calhoun County on August 2, 2016. (Doc. no. 9-2.) The state habeas court held a hearing on May 21, 2018, and denied relief in a written order filed May 10, 2019. (Doc. no. 9-3, Ware v. Ford, Civ. Act. No. 16-V-101 (Calhoun Cnty. Sup. Ct. May 10, 2019).) The Georgia Supreme Court denied a Certificate of Probable Cause to Appeal ("CPC") on February 10, 2020. (Doc. no. 9-4, Ware v. Ford, S19H1304 (Ga. Feb. 10, 2020).) The remittitur issued on March 4, 2020. (Doc. no. 9-5.)

Petitioner filed a second state habeas corpus petition in the Superior Court of Calhoun County on February 12, 2021. (Doc. no. 9-6.) The state habeas court dismissed the petition as "untimely and/or successive" in a written order filed August 16, 2022. (Doc. no. 9-7, Ware v. Steedley, Civ. Act. No. 21-V-015 (Calhoun Cnty. Sup. Ct. Aug. 16, 2022).) After obtaining an extension from the Georgia Supreme Court, Petitioner timely filed his CPC application. (Doc. no. 9-8, Ware v. Steedley, No. S23H0246 (Ga. Jan. 9, 2024).) However, Petitioner filed his notice of appeal with the state habeas court on November 1, 2022, after the expiration of time to file in accordance with the extension granted by the Georgia Supreme Court. (Id.) Thus, the Georgia Supreme Court dismissed Petitioner's case on January 9, 2024, due to

2

Petitioner's failure to timely file a notice of appeal in the habeas court as required by O.C.G.A. § 9-14-52.  (Id.).

Petitioner executed the instant federal habeas corpus petition on March 11, 2024.  (Doc. no. 1, p. 14.)  Petitioner raises several claims for relief based on alleged ineffective assistance of appellate counsel and argues in briefing the state habeas courts committed various errors.  (See generally doc. nos. 1, 15-16.)  Respondent moves to dismiss the federal petition as time-barred under 28 U.S.C. § 2244(d).  (See doc. no. 8.)  Petitioner opposes the motion, arguing he is entitled to equitable tolling because of appellate counsel's alleged ineffectiveness and errors in his state habeas proceedings.  (See doc. no. 16.)

## II.    DISCUSSION

### A.    The Petition Should Be Dismissed as Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

   (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Here, the Georgia Court of Appeals affirmed Petitioner's convictions on September 2, 2015, Ware, No. A15A1213, and the Georgia Supreme Court denied the petition for certiorari on January 11, 2016, Ware, No. S16C0087. Petitioner did not seek a writ of certiorari from the United States Supreme Court, and his conviction therefore became final ninety days later on April 11, 2016.[1] See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review" - when the time for pursuing direct review in this Court, or in state court, expires.'"); see also Phillips v. Warden, 908 F.3d 667, 671 (11th Cir. 2018) (same).

Petitioner then had one year to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Petitioner did not file any request for post-conviction relief until August 2, 2016, meaning 113 days of his one-year AEDPA statute of limitations had already expired. (Doc. no. 1, p. 3.) AEDPA's one-year clock was tolled throughout Petitioner's first state habeas corpus proceedings, including the time during

---

[1] Rule 13.1 of the Rules of the Supreme Court of the United States provides that a petition for a writ of certiorari to review a criminal judgment entered by a state court of last resort must be filed within 90 days after entry of judgment. Because day ninety fell on a Sunday in Petitioner's case, the deadline for filing a petition for certiorari, and thus the day the conviction became final, was extended to Monday, April 11, 2016. See Fed. R. Civ. P. 6(a)(1)(C).

which Petitioner sought a CPC from the Georgia Supreme Court and until issuance of the Supreme Court's remittitur on March 4, 2020.  See Dolphy v. Warden, Cent. State Prison, 823 F.3d 1342, 1345 (11th Cir. 2016) (*per curiam*) ("[W]hen a state habeas petitioner seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial." (citations omitted)).

Despite 113 days of Petitioner's one-year statute of limitations having elapsed prior to filing his first state habeas petition, Petitioner then waited 345 days from March 4, 2020 - the conclusion of his state habeas proceedings – to take further action in the form of a second state habeas petition, filed on February 12, 2021.  Accordingly, the one-year statute of limitation for Petitioner to file his federal habeas corpus petition or take other action to toll the one-year limitations period expired on November 12, 2020,[2] several months prior to the filing of Petitioner's second state habeas petition and long before the filing of Petitioner's federal petition.  Thus, even assuming *arguendo* Petitioner's second state habeas petition could have tolled the one-year limitations period, there was no time remaining to toll.  Because Petitioner filed his federal petition well after the expiration of the one-year statute of limitation, his current federal challenge is time-barred and should be dismissed.

### B.    The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred

Petitioner has not provided any explanation that would delay or reset his one-year

---

[2] Because the expiration of the one-year limitations period fell on a legal holiday—Veterans Day—in Petitioner's case, the deadline for filing a federal petition was extended to Thursday, November 12, 2020.  See Fed. R. Civ. P. 6(a)(1)(C).

statute of limitations under any statutory sections of AEDPA set forth above.  See 28 U.S.C. § 2244(d)(1)(B)-(D).  Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred.

### 1.    Equitable Tolling Is Not Warranted

Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), aff'd 544 U.S. 295 (2005).  The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).  Vague or conclusory allegations are insufficient to satisfy Petitioner's burden to show how he acted with diligence.  Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209-10 (11th Cir. 2014).  As to establishing an extraordinary circumstance, Petitioner must show a causal connection between the alleged circumstance and the late filing, San Martin, 633 F.3d at 1267, and the extraordinary circumstance must be "unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (per curiam).

Petitioner argues he is entitled to equitable tolling because his appointed counsel rendered ineffective assistance on direct appeal, constituting an extraordinary circumstance. (See doc. no. 16.) Petitioner further argues, if not for the ineffective assistance, he would have timely filed the instant petition. (Id.) This argument fails for at least two reasons. First, Petitioner makes no causal connection between appellate counsel's alleged ineffectiveness and Petitioner's failure to timely file the instant petition. (See id.) Petitioner makes no argument that appellate counsel misinformed his about collateral review rights, procedures, or deadlines, and instead focuses on appellate counsel's alleged ineffectiveness during his direct appeal proceedings in state courts. Petitioner simply makes no connection between the alleged deficiencies in appellate counsel's performance and Petitioner's failure, over eight years later, to timely file his federal habeas petition.

Second, even if Petitioner had alleged appellate counsel somehow misadvised him concerning his obligations when seeking federal collateral review, ignorance of the law is not an extraordinary circumstance that would justify equitable tolling. The Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance about the law as [an] excuse[] for a failure to file in a timely fashion. As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'" Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (*per curiam*) (internal citations omitted); see also Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (rejecting ignorance of law, inefficiencies, or inconveniences as qualifying as extraordinary circumstances). Accordingly, Petitioner has failed to demonstrate appellate counsel's alleged ineffectiveness constitutes an extraordinary circumstance warranting equitable tolling of AEDPA's statutory deadline.

Liberally construing Petitioner's brief in opposition to Respondent's motion to dismiss,

and for the sake of completeness, the Court further acknowledges Petitioner's arguments concerning the state habeas court's dismissal of Petitioner's second state habeas petition. In addition to his arguments concerning ineffective assistance of appellate counsel, Petitioner argues the state habeas court's dismissal of his second state habeas petition was contrary to law, and thus also serves as an extraordinary circumstance entitling Petitioner to equitable tolling. (See doc. no. 16, pp. 11-14.) However, as discussed *supra*, AEDPA's statute of limitations expired *before* Petitioner commenced his second state habeas proceedings in 2021, and therefore, any alleged errors in the second state habeas proceedings cannot serve as extraordinary circumstances warranting the application of equitable tolling.

In sum, Petitioner has not shown extraordinary circumstances stood in his way that prevented him from timely filing a federal petition. Therefore, Petitioner is not entitled to the application of equitable tolling.

### 2. The Fundamental Miscarriage of Justice Exception Does Not Apply

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012)

(citations omitted).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  McQuiggin, 569 U.S. at 394-95.

Petitioner has not shown that a miscarriage of justice will occur if his claims are not considered.  Petitioner fails to present any evidence, much less new and reliable evidence, to show he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt.  Indeed, he never claims in his petition that he did not commit the offenses of which he was convicted.  Rather, his stated grounds for relief focus on alleged legal errors committed by the trial court, appellate counsel, the state habeas courts, and a variety of citations to caselaw used intermittently with no factual basis or legal support.  (See doc. nos. 1, 15, 16.)

In sum, Petitioner has presented no evidence to support, let alone satisfy, the high burden that no reasonable fact finder could have found him guilty of the offense for which he was convicted.  See Ray v. Mitchem, 272 F. App'x 807, 810-11 (11th Cir. 2008) (per curiam) (emphasizing "actual innocence means factual innocence, not mere legal insufficiency") (citing Bousley v. United States, 523 U.S. 614, 623 (1998)).  Thus, the fundamental miscarriage of justice exception does not save the untimely petition from dismissal.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 8), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.  Moreover, to the extent Petitioner seeks to compel the Court to rule on Respondent's motion to dismiss, the Court

**RECOMMENDS** Petitioner's motion be **DENIED AS MOOT** upon the presiding District Judge's entry of a final judgment in this case.  (Doc. no. 17.)

SO REPORTED and RECOMMENDED this 18th day of October, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA