IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GREGORY L. WARE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 124-036 |
| | ) |
| TRACY PAGE, Warden, | ) |
| | ) |
| Respondent. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 23.) Petitioner does not offer any new facts or arguments that warrant deviating from the Magistrate Judge's recommendation to dismiss the petition as untimely. Rather, the objections continue the pattern in Petitioner's opposition to the motion to dismiss of attempting to argue the merits of the untimely federal claims without first demonstrating his entitlement to equitable tolling or satisfying the demanding requirements of the "exceedingly narrow in scope" actual innocence gateway exception. San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011) (citations omitted). Petitioner also continues to argue Respondent failed to provide all the necessary filings in accordance with the Court's April 9th Order, but as the Magistrate Judge previously explained, the filings Petitioner complains were missing are not "necessary for Petitioner to address the untimeliness issue raised in Respondent's motion to dismiss." (Doc. no. 14, p. 2.)

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **GRANTS** Respondent's motion to dismiss, (doc. no. 8), **DENIES AS MOOT** Petitioner's motion to compel and "Motion for Court to Order prison officials not to restrict or tamper with outgoing legal, privileged, and special mail to Court and other government officials,"[1] (doc. nos. 17, 20), and **DISMISSES** the instant petition, brought pursuant to 28 U.S.C. § 2254, as untimely.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal,

---

[1] Because this Order dismisses the entire case, the motion for injunctive relief is denied as moot. In any event, Petitioner's motion, "without any evidence[,] alleges" a conspiracy to restrict Petitioner's outgoing mail. (Doc. no. 20.) Petitioner provides no information to support his claims and Petitioner's communications with the Court in this case have been expeditiously received, docketed, and reflect no evidence of tampering. (See, e.g., doc. nos. 17, 20, 21.) Moreover, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Accordingly, even if this case were not subject to dismissal, Petitioner's motion would be denied, as Petitioner failed to demonstrate he is entitled to injunctive relief. (Doc. no. 20.)

[2] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2

an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to **ENTER** a final judgment in favor of Respondent.

SO ORDERED this 12th day of December, 2024, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA